UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROY ANTHONY MORROW, | Case No. 3:17-cv-00580-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| BRIAN E. WILLIAMS, SR., *et al.*, | |
| Respondents. | |

Petitioner Troy Anthony Morrow's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the Court on his second motion for appointment of counsel ("Motion") (ECF No. 8). His application to proceed *in forma pauperis* shall be granted (ECF No. 1). As the Court previously stated, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

The Motion is a form motion that does not raise any additional bases for counsel. This Court previously stated that the petition is clear in presenting the issues that Morrow

wishes to raise, and the legal issues are not particularly complex. The Court remains unpersuaded that counsel is warranted. The Court therefore denies the Motion.

It is therefore ordered that petitioner's second motion for appointment of counsel (ECF No. 8) is denied.

It Is further ordered that respondents' motion for extension of time to file a response to the petition (ECF No. 7) is granted *nunc pro tunc*.

DATED THIS 25th day of April 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE