UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TROY ANTHONY MORROW,

                Petitioner,

v.

BRIAN E. WILLIAMS, SR., *et al.*,

                Respondents.

Case No. 3:17-cv-00580-MMD-VPC

ORDER

On April 23, 2018, respondents filed a motion to dismiss certain claims in petitioner Troy Anthony Morrow's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 9). Morrow has now filed a motion for leave to file an amended petition (ECF No. 17). However, he has not attached a proposed amended petition as required by local rules. LR 15-1(a). Moreover, he has also filed a third motion for appointment of counsel and appears to argue that he needs counsel to file an amended petition (ECF No. 19). He does not identify grounds that he wishes to add or remove. As Morrow is aware, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*,

1 | 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Morrow argues that inmates generally are ill-equipped to litigate habeas petitions *pro se*. He also notes, with no elaboration or documentation, that he suffers from a learning disability, attention deficit hyperactivity disorder, and bipolar disorder. The Court remains unpersuaded that counsel is warranted. Morrow's motion is denied.

It is therefore ordered that petitioner's motion for leave to file an amended petition (ECF No. 17) is denied without prejudice.

It is further ordered that petitioner's third motion for appointment of counsel (ECF No. 19) is denied.

It is further ordered that petitioner's motion for enlargement of time to respond to the motion to dismiss (ECF No. 18) is granted. Petitioner must file his response to the motion to dismiss within sixty (60) days of the date of this order.

DATED this 23rd day of May 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE