1
2
3          UNITED STATES DISTRICT COURT

4          DISTRICT OF NEVADA

5                     * * *

6  TROY ANTHONY MORROW,                    Case No. 3:17-cv-00580-MMD-CBC

7                          Petitioner,              ORDER

8         v.

9  BRIAN E. WILLIAMS, SR., *et al.*,

10                         Respondents.

11         Petitioner Troy Anthony Morrow's *pro se* petition for writ of habeas corpus pursuant

12  to 28 U.S.C. § 2254 is before the court on his motion for reconsideration of the denial of

13  his third motion for appointment of counsel (ECF No. 21). Under Local Rule 59-1 the court

14  may reconsider such an order if: (1) there is newly discovered evidence that was not

15  available when the original motion or response was filed; (2) the court committed clear

16  error, or the initial decision was manifestly unjust; or (3) if there is an intervening change

17  in controlling law.

18         Here, Petitioner filed 8 pages of progress notes by the psychology department at

19  Lovelock Correctional Center dated November 2014 through January 2015 (ECF No. 23-

20  2). The notes reflect that Morrow complained that his psychiatric medications made him

21  feel depressed and caused insomnia. The psychologist indicated that Morrow likely had

22  ADHD, methamphetamine use disorder, dysthymia, substance-induced depressive

23  disorder, and personality disorder. The notes also state: "although stated motivation is

24  purportedly to get relief from depression and more ability to function in the community, he

25  appears much more focused on diagnosis and documentation than treatment." The

26  examiner further stated that while Morrow was in distress and sought help, he also

27  seemed to over-report and exaggerate symptoms, and that he may be malingering. *Id.*

28

The Court declines to reconsider its prior order. First, these medical notes pre-date Petitioner's third motion for counsel by more than three years and are thus not newly discovered evidence that was not available when Petitioner filed his motion. Further, while the notes reflect mental health issues that likely have spanned much of Petitioner's life, they do not support his argument that he is incapable of presenting his habeas claims such that denial of counsel would violate his due process rights. Motions for reconsideration are also disfavored. *See* LR 59-1(b). Petitioner has not presented a compelling basis to reconsider the denial of appointment of counsel. Therefore, his motion for reconsideration is denied.

It is therefore ordered that Petitioner's motion for reconsideration (ECF No. 21) is denied.

It is further ordered that Petitioner must file his response to Respondents' motion to dismiss, if any, within 20 days of the date of entry of this order.

DATED THIS 28th day of January 2019.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE