# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TROY ANTHONY MORROW,

    Petitioner,

v.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No.: 3:17-cv-00580-MMD-CBC

ORDER

Respondents have moved to dismiss Petitioner Troy Anthony Morrow's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 9.) Morrow filed a response to the motion. (ECF No. 25.)

## I. PROCEDURAL HISTORY AND BACKGROUND

On August 1, 2012, a jury convicted Morrow of burglary and grand larceny. (Exhibit ("Exh.") 26.)[1] The state district court adjudicated him a large habitual criminal on each count and sentenced him to ten years to life on each, to run concurrently. (Exh. 37.) Judgment of conviction was filed on June 12, 2013. (Exh. 38.)

The Nevada Supreme Court affirmed the convictions on February 13, 2014. (Exh. 44.) On December 14, 2016, the Nevada Court of Appeals affirmed the denial of Morrow's state postconviction habeas corpus petition. (Exhs. 71, 72.)

Morrow dispatched his federal habeas petition for mailing on September 18, 2017. (ECF No. 4.) Respondents now move to dismiss several grounds in the petition as unexhausted and/or noncognizable in federal habeas corpus. (ECF No. 9.)

---

[1] Exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 9, and are found at ECF Nos. 10-15.

## II. LEGAL STANDARDS AND ANALYSIS

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits).

Respondents contend that grounds 1(D), 1(E), 2(D), and 3 are unexhausted. (ECF No. 9 at 11-13.)

Morrow asserts that his appellate counsel rendered ineffective assistance when he failed to raise the issue of prior bad acts testimony brought in during Detective Anderson's testimony (ground 1(D)), and failed to raise the operative facts regarding the violation of Morrow's Fifth Amendment right to remain silent and the related prosecutorial misconduct (ground 1(E)). (ECF No. 4 at 20.) Morrow contends in ground 2(D) that his trial counsel rendered ineffective assistance when counsel failed to object or raise any issue regarding the prior bad acts brought in during Detective Anderson's trial testimony. (ECF No. 4 at 37.) Morrow claims in ground 3(A) that trial counsel rendered ineffective

assistance when he failed to prepare for trial and to propose viable defense theory jury instructions. In ground 3(B), he argues that appellate counsel was ineffective when he failed to raise the operative facts as to the violation of Morrow's Fifth, Sixth, and Fourteenth Amendment rights related to "the trial court's failure to ensure the jury was provided with Morrow's theory of the case that may be taken from the factual background, names of witnesses, and other sources of evidence demonstrating entitlement to relief which warranted an evidentiary hearing." (ECF No. 4 at 60.)

Respondents are correct that Morrow did not raise any of these claims to the Nevada Court of Appeals. (*See* Exh. 67.) Therefore, federal grounds 1(D), 1(E), 2(D), and 3 are unexhausted.

### b. Noncognizable Claims

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Morrow claims in ground 4 that his Fifth, Sixth, and Fourteenth Amendment due process rights were violated when the state district court and the Nevada Supreme Court denied him an evidentiary hearing on his direct appeal and during his state postconviction proceedings. (ECF No. 4 at 67-69.) In ground 5, Morrow argues that the Nevada Supreme Court violated his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, a jury trial, and due process. (ECF No. 4 at 70-73.) He essentially argues in these grounds that the Nevada Supreme Court's decisions on direct appeal and in his state postconviction proceedings were contrary to or an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented. While this is the standard under 28 U.S.C. §2254(d) to review the adjudication of individual grounds by the highest state court, it is not a standalone or

4

independent claim. Accordingly, grounds 4 and 5 are dismissed as noncognizable on federal habeas review.

### III. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, the Court concludes that grounds 4 and 5 are dismissed as noncognizable in federal habeas, and grounds 1(D), 1(E), 2(D), and 3 are unexhausted. Because the Court finds that the petition contains unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *See Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Petitioner to reply. Or Petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

The court notes that Petitioner appeared to express his wish to voluntarily abandon his unexhausted claims in his response to the motion to dismiss. (ECF No. 25 at 2.) However, out of an abundance of caution, Morrow must file a declaration as set forth above in option 1, if he chooses to abandon the unexhausted claims.

**IV. CONCLUSION**

It is therefore ordered that Respondents' motion to dismiss (ECF No. 9) is granted.

It is further ordered that Grounds 4 and 5 are both dismissed as set forth in this order.

It is further ordered that Grounds 1(D), 1(E), 2(D), and 3 are unexhausted.

It is further ordered that Petitioner shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner

chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED THIS 28th day of February 2019.

_____
MIRANDA M. DU
U.S. DISTRICT COURT JUDGE